IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,195 & AP-76,196




EX PARTE RAYMOND EARL JACKSON, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NO. F-0455434-MH, F-0455330-MH IN THE 
                                                CRIMINAL DISTRICT COURT 
FROM DALLAS COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
violations of protective orders. Upon revocation of his community supervision, he was sentenced to
eight years’ imprisonment for each violation. He did not appeal his convictions.
            Applicant contends that he was denied the right to appeal because he was not informed that
he had a right to appeal the revocations of his community supervision and no notices of appeal were
filed. 
            After a remand for a response from counsel and additional findings and conclusions, the trial
court determined that Applicant was denied his right to appeal the revocations of community
supervision. We find, therefore, that Applicant is entitled to out-of-time appeal in the judgments of
conviction in Case Nos. F-0455434-MH and F-0455330-MH from the Criminal District Court of
Dallas County. Applicant is ordered returned to that time at which he may give a written notice of
appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues. 
 
Delivered: August 19, 2009
Do Not Publish